IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN GREENE | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-4446 |
| | : | |
| TRANS UNION LLC, ET AL. | : | |

**McHUGH, J.**                                                                                                          **January 28, 2022**

### MEMORANDUM

Plaintiff Melvin Greene has brought claims under the Fair Credit Reporting Act (FCRA) against several credit reporting agencies, debt collectors, and putative creditors for allegedly furnishing and publishing inaccurate information about Plaintiff's credit history. Defendant LVNV Funding LLC moves to dismiss for lack of personal jurisdiction. Because I am persuaded that Plaintiff cannot establish jurisdiction over this defendant, I will grant the motion in full.

**I.    Standard of Review**

After a defendant has raised a challenge to personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the burden shifts to the plaintiff to establish the court's jurisdiction over that defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Because I am not holding an evidentiary hearing, Plaintiff need only establish a *prima facie* prima facie case of personal jurisdiction. *O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 316 (3d Cir. 2007). To meet that standard, Plaintiff must demonstrate "with reasonable particularity sufficient contacts between the defendant and the forum state," *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir. 1992), with the Court "required to accept the plaintiff's allegations as true, and … to construe disputed facts in favor of the plaintiff." *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 457 (3d Cir. 2003).

## II. Discussion

Plaintiff Greene is a resident of New Jersey. Compl. ¶ 4, ECF 1. Defendant LVNV Funding is headquartered in South Carolina. *Id.* ¶ 4. It is incorporated in Delaware. LVNV's Mem., Ex. A (Delaware Dept. of State, Division of Corporations, online record search for LVNV Funding), ECF 16-1.[1] The only facts that Plaintiff alleges in the Complaint that at all tie this case to the forum state of Pennsylvania is an averment that Co-Defendant Trans Union LLC has a "principal office" in Crum Lynne, Pennsylvania, Compl. ¶ 5, coupled with allegations that LVNV does substantial business with Trans Union, thereby creating jurisdiction here. Coincidentally, Trans Union's Answer to the Complaint represents that "it is a Delaware limited liability company with its principal place of business in Chicago, Illinois." Trans Union Ans. ¶ 5, ECF 36.

To exercise general jurisdiction over a defendant, its "affiliations with the State [must be] so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). According to the Supreme Court, the "paradigm" forums for the exercise of general jurisdiction "are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). The Supreme Court has further opined that only in "exceptional" cases will general jurisdiction be found over a foreign corporation that is not headquartered in the forum where the case is brought. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014). Because of these limiting principles adopted in recent cases, the Third Circuit has concluded that "it is incredibly difficult to establish general jurisdiction over a corporation in a forum *other* than the

---

[1] The Court may consider matters of public record on a motion to dismiss. *See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

place of incorporation or principal place of business." *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (emphasis in original).

Plaintiff argues that LVNV's debt collecting activities in Pennsylvania, including numerous legal actions against Pennsylvania residents, when coupled with LVNV's business dealings with Trans Union, are sufficiently "continuous and systematic" as to render it at home in Pennsylvania. Pl.'s Br. at 10-12, ECF 25. Even if Trans Union's principal office were here—an improbable allegation I must accept as true for present purposes—and further assuming that LVNV did substantial business with it, that would still not suffice to create general jurisdiction over LVNV. As the Supreme Court has found in several cases involving large, multinational corporations with far more extensive national footprints than the debt collector at issue here, simply doing business in a state is not enough to prove an exception to the rule that the state of incorporation and the state of headquarters are the primary nexus of general jurisdiction. *See BNSF Railway*, 137 S. Ct. at 1559; *Daimler AG*, 571 U.S. at 138-139; *Goodyear*, 564 U.S. at 927-929. In *BNSF Railway*, where defendant owned "over 2,000 miles of railroad track and more than 2,000 employees" in the forum state, the Supreme Court stated that the focus of general jurisdiction is not "solely on the magnitude of the defendant's in-state contacts," but instead appraises "a corporation's activities in their entirety." 137 S. Ct. at 1559 (quoting *Daimler AG*, 571 U.S. at 762 n.20). If a major railroad and corporate behemoths such as Goodyear and Daimler Chrysler are not subject to general jurisdiction based on the reach of their business, it is self-evident that LVNV is not.

To establish specific jurisdiction, a defendant must have "certain minimum contacts … such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). This Circuit has

distilled *International Shoe*'s standard, as later refined by other Supreme Court decisions, into a three-part test: "First, the defendant must have purposefully directed its activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, … the exercise of jurisdiction [must] comport with fair play and substantial justice." *Sandy Lane Hotel Co.,* 496 F.3d at 317.  As the Supreme Court has emphasized, the second part of that test requires "a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co. v. Super. Ct. of California, San Francisco County*, 137 S. Ct. 1773, 1781 (2017).

Similar to his arguments for general jurisdiction, Plaintiff relies almost exclusively on LVNV's debt collection activities against Pennsylvania residents in Pennsylvania courts to attempt to establish specific personal jurisdiction.  To that end, Plaintiff counts and lists hundreds of debt collection actions filed in Bucks County, Pennsylvania, numerous suits in Montgomery County, Pennsylvania, and numerous suits in federal district courts located in Pennsylvania.  Pl.'s Br. at 8-10.  Plaintiff is correct that the debt collection activities of LVNV are—in a general sense—"related to" the credit reporting claims derived from debt collection activities directed against the Plaintiff.  But Plaintiff has failed to establish "a connection between the forum and the specific claims at issue."  He is a New Jersey resident, not a Pennsylvania resident, and LVNV Funding's collection of debts against Pennsylvania residents did not give rise to Plaintiff's specific claims.  In response to the motion to dismiss, Plaintiff contends that he contested the debt with Trans Union in Pennsylvania.  ECF 25, p. 12.  The paragraphs of the Complaint to which he cites, ¶¶ 24 and 28, do not specify where he contacted Trans Union.  But even if the Complaint were pleaded with that specificity, such allegations would go to the activity of Plaintiff and Trans Union, not conduct on the part of LVNV related to this claim.  Plaintiff has therefore failed to allege "with reasonable particularity" that LVNV Funding's purposeful direction of activities towards Pennsylvania gave

4

rise to the specific claims at issue and cannot establish specific jurisdiction over LVNV Funding as to this action.

### III. Conclusion

For the reasons set forth above, Defendant LVNV Funding's Motion to Dismiss is granted in full. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge